UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGAR ZARATE, on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-0809 |
| v. | ) ) | Honorable Sharon Johnson Coleman |
| MIDWEST ARBOR CORPORATION, an Illinois corporation | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edgar Zarate brings this putative class action against defendant Midwest Arbor Corporation, his former employer, alleging that it violated the Fair Labor Standards Act ("FLSA"), the Portal-to-Portal Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act ("IWPCA"). On September 4, 2020, plaintiff voluntarily filed a motion to stay proceedings pending arbitration given the arbitration agreements between the parties. The Court granted the motion. After further review of the arbitration agreements formed between the parties, plaintiff now moves to vacate the stay and for leave to file a first amended complaint. For the following reasons, the Court denies the motion.

**I.     Background**

Plaintiff was a seasonal landscaper employed by defendant between February 2015 and December 2019. On February 4, 2020, plaintiff filed his initial complaint alleging that defendant failed to pay all plaintiffs overtime wages in violation of the FLSA, the Portal-to-Portal Act, and the Illinois Minimum Wage Law. Plaintiff also claimed that defendant made unauthorized deductions from his and other plaintiffs' paychecks in violation of the IWPCA. After filing his complaint, plaintiff discovered that he signed arbitration agreements in 2018 and 2019 requiring the parties

arbitrate any dispute or claim arising out of the parties' temporary employment agreements. Plaintiff then voluntarily filed a motion to stay proceedings pending arbitration, which the Court granted. After discovering an alleged flaw in the arbitration agreements, plaintiff filed the current motions to vacate the stay and to amend the complaint. A month after plaintiff filed this motion, defendant sent him a previously undisclosed arbitration agreement from 2017.

## II.   Legal Standards

A motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(6) permits the court to vacate an order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). It is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000). To grant relief under Rule 60(b)(6), the moving party must show that extraordinary circumstances justify the reopening of a final judgment. *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The trial court has broad discretion in deciding Rule 60(b) motions. *Inryco, Inc. v. Metro. Engineering Co.*, 708 F.2d 1225, 1230 (7th Cir. 1983).

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the courts' leave, and "the court should freely give leave when justice so requires." Nevertheless, district courts are afforded broad discretion to deny leave to amend if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) (citation omitted).

## III.   Analysis

*Waiver*

The parties initially agreed to proceed with arbitration based on the 2018 and 2019 agreements. After minimal progress over approximately six months, plaintiff filed this motion to

vacate the Court's order granting his motion to stay proceedings pending arbitration. To prevail on his motion to vacate, plaintiff must show that extraordinary circumstances justify the reopening of the Court's order. *Arrieta*, 461 F.3d at 865. Plaintiff argues that the stay should be vacated because (1) defendant impliedly waived its rights under the arbitration agreements by acting in bad faith and delaying arbitration proceedings and 2) the vagueness and scope of the arbitration agreements render them unenforceable.

To determine whether a party has impliedly waived its right to arbitrate, the Court must consider the totality of the circumstances and decide whether the party against whom the waiver is to be enforced acted inconsistently with the right to arbitrate. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004). Factors to consider may include "a party's diligence, or lack thereof, in asserting its rights under a contract," *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995), and "whether the allegedly defaulting party participated in litigation, substantially delayed its request for arbitration, or participated in discovery." *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 994 (7th Cir. 2011).

Defendant has consistently reflected the desire to arbitrate. Defendant did not issue discovery requests or even file an appearance in this matter. Further, six months elapsed between the order to stay and the motion to vacate the stay. While defendant's responses to plaintiff may have been slow, the delayed responses have not substantially prejudiced plaintiff as plaintiff has been on notice since defendant informed plaintiff of the arbitration agreements that defendant wants to arbitrate. Plaintiff also asserts that because defendant failed to timely provide the signed 2017 arbitration agreement, it waived its right to arbitration under that agreement. But the late disclosure of the 2017 arbitration agreement did not prejudice plaintiff or substantially impact his legal strategy; the parties had already agreed to arbitration. Under the totality of the circumstances, defendant has acted consistently with its right to arbitrate and has not waived that right.

*Enforceability of the Agreements*

Plaintiff also contends that his motion to vacate should be granted because the arbitration agreement terms are vague and, therefore, unenforceable. The Supreme Court has consistently interpreted the Federal Arbitration Act ("FAA") to favor arbitration and requires arbitration provisions to be enforced according to their terms. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). Section 2 of the FAA makes arbitration agreements "valid, irrevocable, and enforceable" as written, unless the savings clause applies. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344, 131 S. Ct. 1740 (2011). The savings clause in the FAA allows arbitration agreements to be invalidated only by "generally applicable contract defenses, such as fraud, duress, or unconscionability," but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue. *Id.; Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1622 (2018).

Plaintiff claims that the agreements are too vague because none of them specify the types of disputes that should be arbitrated. But each arbitration agreement clearly indicates that any dispute arising out of "the application or candidacy for employment, the employment, and the cessation of employment that are based on local, state, or federal regulatory, statutory or common law" are subject to arbitration. Plaintiff's Reply, Dkt. 32 at 12. Arbitration provisions such as this that cover a wide range of disputes are not necessarily vague and vagueness is not a valid contract defense under the FAA. Additionally, the language in the agreements has not changed since plaintiff voluntarily agreed to arbitrate. Plaintiff himself chose to arbitrate. Plaintiff cannot now feign ignorance and argue that the language is vague. Plaintiff also argues that defendant is required to provide information or documentation to show that the arbitration clauses cover his claims and that defendant has not produced any. Document production is not a prerequisite for enforcing arbitration provisions. Given the strong presumption in favor of arbitration and plaintiff's failure to

4

present a valid contract defense under the savings clause, the arbitration agreements are enforceable. Since defendant has not waived its right to arbitrate and the agreements are enforceable, the Court cannot grant plaintiff the extraordinary remedy of vacating the stay. Plaintiff's motion to vacate is denied.

Because this Court denies the motion to vacate and an amendment to the complaint would be futile, it must also deny the motion for leave to amend to add the state law claims. The Court cannot exercise supplemental jurisdiction over the 2015 state law claims because the remaining federal claims are in arbitration and, therefore, the state law claims would be the only claims before the Court.

### IV. Conclusion

For the foregoing reasons, the plaintiff's motion to vacate and for leave to file a first amended complaint [20] is DENIED.

**IT IS SO ORDERED.**

Date: 11/19/2021

Entered:  _____
SHARON JOHNSON COLEMAN
United States District Judge